IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELINDA BUCHANAN, ON BEHALF OF M.A.B., A MINOR CHILD;<br><br>　　Plaintiff,<br><br>VS.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. SA-24-CV-137-FB<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the action filed by the Plaintiff requesting review of the administrative denial of her application for survivors benefits on behalf of her minor child, M.A.B., based on the earnings record of the child's deceased father, David Buchanan, under Title II of the Social Security Act. 42 U.S.C. § 402(d). M.A.B. was conceived by in vitro fertilization and born more than three years after her father's death. In this appeal, Plaintiff argues that the Commissioner erred in finding M.A.B. is not entitled to benefits because she failed to establish a child relationship under Section 216(h) of the Social Security Act. The Court has reviewed the pertinent pleadings as well as the entire record. The Court has also reviewed and considered the Report and Recommendation of United States Magistrate Elizabeth S. Chestney (docket #17) and Plaintiff's Objections to the Memorandum and Recommendation filed on February 16, 2025 (docket #19).

In the Report and Recommendation, Magistrate Judge Chestney concludes that the Commissioner did not commit any reversible error in the underlying administrative proceedings and that substantial evidence supports the Commissioner's decision denying child survivors benefits.

Accordingly, the recommendation is made that the Commissioner's decision that M.A.B. is not entitled to benefits be affirmed.

As set out in the Report and Recommendation, this Court is limited to a determination of whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is more than a scintilla, less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). In applying the substantial evidence standard, the Court's job is to "scrutinize the record to determine whether such evidence is present." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The Court is not to reweigh the evidence, "try the issues de novo, or substitute [its] judgment for that of the Secretary." *Id.* However despite this Court's limited function, the Fifth Circuit has explained that "it is imperative that we scrutinize the record in its entirety to determine the reasonableness of the decision reached by the Secretary and whether substantial evidence exists to support it." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992); *see Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (stating that inquiry as to an ALJ finding is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ").

After carefully reviewing the objections and the entire record in light of the prohibition against re-weighing the evidence, the Court finds substantial evidence does support the Commissioner's decision denying child survivors benefits and the decision comports with relevant legal standards.

Therefore, as required by 28 U.S.C. § 636(b)(1)(C), the Court has conducted an independent review of the entire record in this cause and a *de novo* review with respect to those matters properly raised by the objections. *See* Report and Recommendation at pages 12-13 ("A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections."). The Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. This Court agrees with the Magistrate Judge's recommendation that the decision of the Commissioner that M.A.B. is not entitled to survivors benefits is supported by substantial evidence and should be affirmed. The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, it is hereby ORDERED that the Recommendation of the United States Magistrate Judge, filed in this case on February 3, 2025 (docket #17), is ACCEPTED such that the decision of the Commissioner that M.A.B. is not entitled to survivors benefits is AFFIRMED. IT IS FURTHER ORDERED that this case is DISMISSED, motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 15th day of March, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE